IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY W. NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3001 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Larry Norwood's Opposition to Removal of Complaint From State to Federal Court (d/e 7). Norwood asks this Court to remand this case to state court, or in the alternative, allow him to amend his Complaint. For the reasons set forth below, the Court denies the request to remand, but grants Norwood leave to amend his Complaint.

On August 6, 2009, Norwood filed a small claims complaint in Illinois state court against FBI Special Agent Glen Haas for the loss of Norwood's personal property. Norwood alleged that Haas took possession of Norwood's personal property at the time of Norwood's arrest. Norwood

1

alleged that Haas was deliberately indifferent to his duty to take care of Norwood's possessions, and as a result, Norwood lost valuable personal property. Norwood sought $10,000.00 in damages. <u>Notice and Petition of Removal (d/e 1) (Notice of Removal)</u>, Exhibit A, <u>Summons and Small Claims Complaint (Complaint)</u>. The Summons for Defendant Haas was issued on December 7, 2009. <u>Id.</u> On January 4, 2010, the United States, on behalf of Haas, removed the case to this Court. <u>Notice of Removal</u>. Norwood now asks to remand the case to state court.

The removal was proper. This Court has removal jurisdiction to hear a civil action against an officer of the United States who is sued in his official or individual capacity, "for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals . . . ." 28 U.S.C. § 1442(a)(1). Norwood alleged that Haas took possession of Norwood's personal property when Norwood was arrested. Norwood, thus, alleged that Haas committed a wrongful act pursuant to authority claimed under acts of Congress for the apprehension of criminals. This Court has removal jurisdiction. Norwood argues that this Court lacks removal jurisdiction because the amount in controversy is less than $75,000.00. The

$75,000.00 amount in controversy requirement only relates to diversity removal jurisdiction. 28 U.S.C. § 1441(a). Section 1442(a)(1) has no amount in controversy requirement. This Court has removal jurisdiction. The request to remand the case is denied.

Norwood asks, in the alternative, for leave to amend his Complaint. He wishes to add a Bivens claim against Haas for violation of his constitutional rights. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). The case is in a very early stage so the Court sees no prejudice in allowing the request. The United States does not challenge the request to amend. This Court recognizes that the United States has already been substituted in as the Defendant to the claim currently alleged in the Complaint. Text Order entered January 13, 2010. The order allowing the substitution, however, is interlocutory. Fed. R. Civ. P. 54(b). This Court, therefore, still has jurisdiction to allow Norwood to add an additional claim against Haas. Norwood will be given leave to amend the Complaint.

THEREFORE, Plaintiff's Opposition to Removal of Complaint From State Court to Federal Court (d/e 7) is DENIED in part. Plaintiff's request to remand this case is denied. Plaintiff's request to file an amended

complaint to add an additional claim against Defendant Haas is allowed. Plaintiff is given until March 1, 2010, to file his amended complaint. Defendants shall respond to any amended complaint by April 1, 2010.

IT IS THEREFORE SO ORDERED.

ENTER: February 1, 2010

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE