E-FILED
Tuesday, 30 March, 2010 03:35:39 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY W. NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3001 |
| | ) | |
| SPECIAL AGENT GLEN HAAS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the United States' Motion to Dismiss, on Behalf of Defendant Haas (d/e 12). Defendant Federal Bureau of Investigation Special Agent Glen Haas participated in the arrest of Larry Norwood on April 24, 2006. Haas signed a receipt acknowledging that the Illinois State Police (ISP) took possession of Norwood's personal property after his arrest. Norwood brings this action alleging that Haas violated Norwood's constitutional rights by taking Norwood's personal property for himself without due process in violation of the fifth amendment. Amended "Bivens" Complaint With Jury Demand (d/e 11) (Complaint). Haas moves to dismiss on the grounds that the action is barred by the statute of

limitations. The Court agrees. The Motion, therefore, is allowed.

STATEMENT OF FACTS

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Plaintiff Norwood. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). The Court may also consider matters of public record. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994). When read in that light, the Complaint must set forth a short and plain statement of the claims showing that Norwood is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007). In doing so, the allegations must plausibly suggest that Norwood is entitled to relief. Twombly, 550 U.S. at 569 n.14. Allegations of bare legal conclusions or labels alone are not sufficient. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

Norwood was arrested on April 24, 2006, while driving his tractor-trailer (Truck) northbound on I-55 in Sangamon County, Illinois. He was arrested for transporting marijuana, and subsequently convicted of

possession with intent to distribute 100 or more kilograms of marijuana. U.S. v. Norwood, C.D. Ill. Case No. 06-30041, Minute Entry entered March 2, 2007. On April 25, 2006, Norwood and Defendant Haas each signed a receipt acknowledging that the ISP had taken possession of certain personal property of Defendant Norwood. Notice and Petition of Removal (d/e 1), attached Small Claims Complaint, Exhibit A, Illinois State Police Evidence Inventory and Receipt dated April 25, 2006. The receipt listed the following:

1 black toiletry bag containing
- misc personal grooming items
- 5 cellular phones
- 1 gold colored bracelet
- 1 gold colored watch
- asst U.S. + Mexican coins
- 3 packs Marlboro cigarettes
- 2 lighters
- 2 gold colored rings

Id. Norwood alleges that Haas was very interested in Norwood's watch and ring. Norwood alleges that Haas asked if they were real and whether Norwood would like to sell them. Norwood said no. Complaint, ¶¶ 12-13.

On April 26, 2006, Defendant Haas executed a receipt acknowledging that the company that owned the Truck, Cross Country Transportation (CCT), took possession of the Truck and Norwood's personal property. The

receipt described Norwood's personal property as:

> 1 black bag of personal items–large
> 1 black bag of personal items–small

Small Claims Complaint, Exhibit B, Illinois State Police Evidence Inventory and Receipt dated April 26, 2006. Norwood alleges that he did not consent to the release of his personal property to CCT. Complaint, ¶ 19. Norwood alleges that he contacted the owner of CCT to locate his personal property. The owner informed him that CCT did not receive any of his personal property with the return of the Truck. Id., ¶ 20. Norwood alleges that Haas kept Norwood's personal property for himself. Id., ¶ 22.

On May 17, 2007, Norwood filed a Motion for Return of Personal Property (Motion) with the Court in his criminal proceeding. Motion, Case No. 06-30041 (Case No. 06-30041 d/e 56). The Government responded on May 31, 2007. Government's Response to Defendant's Motion for Return of Personal Property (Case No. 06-30041 d/e 60) (Response). The Government recited that the property had been returned to CCT with the Truck. The Government further noted that Norwood had already submitted a notarized statement to the Court authorizing CCT to turn his personal property over to an individual named Charles Sparks of El Paso,

Texas. Response, ¶ 5, citing Letter dated September 24, 2006 (Case No. 06-30041 d/e 43).

The Court held a hearing on July 26, 2007. The Court allowed Norwood's Motion in part and directed the Government to investigate and determine the whereabouts of Norwood's personal property. Case No. 06-30041 Minute Entry entered July 26, 2007. The Court held Norwood's sentencing hearing on August 13, 2007. At that hearing, the Government again stated that the property was returned to CCT with the Truck. Transcript of Proceedings on August 13, 2007 (Case No. 06-30041 d/e 104), at 28.

Norwood filed a small claims complaint in state court on August 6, 2009, against Haas for the value of the personal property. The Government removed the matter, substituted the United States as the defendant and moved to dismiss. Norwood then amended the claim and filed the Complaint to allege a single claim against Haas for violation of his constitutional rights. Norwood dropped the original claim against the United States. Haas now moves to dismiss because the claim is barred by the statute of limitations.

<u>ANALYSIS</u>

The Illinois two-year statute of limitations for personal injury torts applies to <u>Bivens</u> actions. <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007). A cause of action accrues when the plaintiff knows that he was injured and the person who injured him. <u>United States v. Kubrick</u>, 444 U.S. 111, 118 (1979). In this case, Norwood knew of the injury no later than upon his receipt of the Government's May 31, 2007, response to his Motion. On that date, he knew the Government's position that the property had been given to CCT with the Truck. Norwood knew that the owner of CCT denied receiving the personal property. Thus, he knew at that point the property was gone. Norwood also knew the factual basis on which he believed that Haas took the personal property. Haas took possession of the personal property on behalf of the ISP on April 25, 2006. Haas allegedly asked Norwood at that time whether he wanted to sell some of the personal property. Norwood, thus, knew of his injury and the person who injured him when he received the May 31, 2007, Response. Norwood did not file suit until August 2009, more than two years later. This action, therefore, is barred by the statute of limitations.

Norwood argues that he did not know the required information until

the August 13, 2007, sentencing hearing. The Court disagrees. The Government repeated its position at that hearing, but Norwood already knew the Government's position from the Response. The August 13, 2007, hearing may have provided some confirmation, but Norwood already knew the facts. His cause of action, thus, had already accrued.

Norwood argues that equitable tolling of some sort should apply. The Court again disagrees. Equitable tolling may be appropriate "if despite the exercise of all due diligence [a plaintiff] is unable to obtain vital information bearing on the existence of the claim." Mitchell v. Donchin, 286 F.3d 447, 451 (7th Cir. 2002) (quoting Shropshear v. Corporation Counsel of City of Chicago, 275 F.3d 593, 595 (7th Cir. 2001)). In this case, Norwood had all of the pertinent information before the July 26, 2007, hearing. The Government asserted in the May 31, 2007, Response that the personal property had been delivered to CCT. Norwood allegedly already knew that the Government's assertion was false. Norwood also knew that Haas allegedly was interested in the property. Norwood, thus, knew everything on which he based his allegations. He waited more than two years to file this action. There is no basis for equitable tolling.

THEREFORE, the United States' Motion to Dismiss, on Behalf of

Defendant Haas (d/e 12) is ALLOWED. This case is dismissed with prejudice. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: March 30, 2010

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE