IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY W. NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-3001 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers Defendant United States' Motion for Judgment on Pleadings. <u>See</u> d/e 38 (Motion). For the reasons stated below, the Motion is DENIED.

FACTS

Plaintiff Larry Norwood claims that one of three people took his personal property at the time the U.S. Drug Enforcement Agency ("DEA") arrested him on April 24, 2006. Norwood filed suit against all three people, Defendants Special Agent Glen Haas, Special Agent Tim

1

Hansen, and Francisco Javier Luevano-Cisneros. Norwood also sued Defendant United States of America. Norwood claims that he was transported by Haas to the U.S. Courthouse on April 25, 2006. Norwood alleges that once at the Courthouse, Haas took a black toiletry bag, a gold Rolex watch, a gold Cartier bracelet, 2 diamond rings, 5 cell phones, $750 in currency, 2 lighters and 3 packs of cigarettes from Norwood. Norwood was given a receipt for the property. However, Norwood later was given another receipt showing that the property had been released to Defendant Cisneros. Norwood denies authorizing the release of his personal property.

Norwood claims that the United States violated the Tucker Act, 28 U.S.C. § 1491 insofar as its agent, SA Haas, took Norwood's property without providing just compensation. See Amended Complaint (d/e 25) at Count III. Alternatively, Norwood claims that Haas is liable for conversion because Haas took Norwood's property for his own personal use. Id. at Count IV. To support these claims, Norwood specifically alleges that the Defendants took his personal property for their "own use

with the intent to permanently deprive Plaintiff." Id. at ¶¶ 21- 25.

Pursuant to Federal Rule of Civil Procedure 12(c), the United States moves to dismiss Norwood's Tucker Act claim (Count III) for failure to state a claim. Norwood has responded. The matter is ripe for this Court's ruling.

## STANDARD

Federal Rule of Civil Procedure 12(c) states that "[a]the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Id. The same standard applies for deciding a Rule 12(c) motion as that used when reviewing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). Therefore, under Rule 12(c) the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. See Finch v. Peterson, 622 F.3d 725, 728 (7th Cir. 2010).

Rule 12(c) permits judgment based on the pleadings alone, which include the complaint, the answer, and any written instruments attached

as an exhibit.  See <u>Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend</u>, 163 F.3d 449, 452 (7th Cir. 1998).  To avoid dismissal, a plaintiff must plead sufficient facts to state a claim of relief that is plausible on its face.  See <u>Ashcroft v. Iqbal</u>, ___U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  When deciding Rule 12(c) motions, courts need not ignore facts contained in the pleadings that undermine a plaintiff's claim.  See <u>Northern Ind. Gun & Outdoor Shows, Inc.</u>, 163 F3d at 452.

## ANALYSIS

In Count III of his Amended Complaint, entitled "Tucker Act", Norwood alleges that "Defendant United States of America acting by and through its agents took Plaintiff's property and refused to pay Plaintiff just compensation." <u>Id.</u> at ¶ 30.  The United States argues that Tucker Act is a jurisdictional statute and does not create any substantive right of action in and of itself.  See <u>United States' Memorandum in Support of Motion For Judgment on Pleadings</u> (d/e 39) at 2, <u>citing</u> <u>United States v.</u>

4

Testan, 424 U.S. 392, 398 (1976) ("The Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."). Therefore, the United States argues that "[w]ithout more, the plaintiff's [amended] complaint fails and judgment should be entered on behalf of the United States."

While it is true that the Tucker Act creates no substantive right, Norwood has plainly alleged a substantive violation of his Fifth Amendment right by asserting that the United States took his property without proving "just compensation." See Amended Complaint at ¶ 30. Implicitly recognizing that Norwood's assertion sufficiently states a substantive violation of a legal right, the United States argues that dismissal should nonetheless be granted under Rule 12(c) because a Fifth Amendment claimant must prove that his property was taken for a public use. See United States' Memorandum in Support of Motion For Judgment on Pleadings (d/e 39) at 2, citing Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 245 (1984). Since Norwood alleged that the

Defendants took his property for their "own use", the United States argues that Norwood cannot prove the requisite "public use" for purposes of a Fifth Amendment claim. See United States' Memorandum in Support of Motion For Judgment on Pleadings (d/e 39) at 2, citing Midkiff, 467 U.S. at 245.

In support of its Rule 12(c) Motion, the United States cites Midkiff, an eminent domain case, for the proposition that "[a] purely private taking could not withstand the scrutiny of the public use requirement; it would serve no legitimate purpose of government and would thus be void." See Midkiff, 467 U.S. at 245. While Midkiff recognized that "public use" was necessary to establish a valid exercise of eminent domain, the decision did not hold that a Fifth Amendment claim fails unless a plaintiff shows the property he has been deprived of was used for a public purpose. In any event, the Seventh Circuit has indicated that plaintiffs can proceed on Fifth Amendment claims without proving that the property they were deprived of had been taken for a public use. In Schroeder v. City of Chicago, 927 F.2d 957, 961 (7th Cir.

1991), the Court stated that although "the takings clause, read literally, is limited to takings for a public use . . . there is authority [noted in Conniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 464-64 (7th Cir. 1988)], for regarding a taking for a private use as forbidden by the takings clause altogether . . . . a claim is properly laid under the takings clause of the Fifth Amendment . . . ." Given the Seventh Circuit's decisions in Schroeder and Conniston, the United States is not entitled to judgment on the pleadings with respect to the Fifth Amendment claim Norwood states in Count III.

## CONCLUSION

THEREFORE, Defendant United States of America's Motion for Judgment on Pleadings (d/e 38) is DENIED.

IT IS SO ORDERED.

ENTERED: September 23, 2011

FOR THE COURT BY:                    s/ Sue E. Myerscough
                                     SUE E. MYERSCOUGH
                                     UNITED STATES DISTRICT JUDGE

7