IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| LARRY W. NORWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV-3001 |
| ) | |
| SPECIAL AGENT GLEN HAAS, in ) | |
| his individual and official capacities, ) | |
| SPECIAL AGENT TIM HANSEN, in ) | |
| his individual capacity, FRANCISCO ) | |
| JAVIER LUEVANO-CISNEROS, and ) | |
| the UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Larry W. Norwood's Motion to Compel (d/e 54) (Motion). Norwood moves to compel Defendant Drug Enforcement Administration (DEA) Special Agent Glen Haas to produce DEA manual governing procedures for retention and processing of an arrestee's personal property. For the reasons set forth below, the Motion is ALLOWED subject to entry of a protective order limiting access to the material to counsel only.

BACKGROUND

Norwood alleges that Defendant Haas violated Norwood's constitutional rights by taking Norwood's personal belongings when

Norwood was arrested on April 25, 2006.  Amended Complaint (d/e 25), ¶¶ 21-24.  Norwood was subsequently convicted of possession of marijuana with intent to distribute and is currently incarcerated in federal prison.

At Haas' deposition, Norwood's counsel asked Haas whether the DEA had protocols and directives relating to retention and processing of an arrestee's personal property.  Haas testified that DEA had a written policy in a DEA manual.  Motion, Exhibit A, Excerpt of Deposition of Glenn Haas, at 5-6.  Norwood served a request to produce on Haas to produce all procedure manuals and directives referenced by Haas in his deposition.  Haas objected on the grounds of privilege and relevance.  Motion, Exhibit C, Special Agent Haas' Response to Plaintiff's Supplemental Request to Produce, ¶ 1 Response.  The parties have attempted to resolve this dispute, but have not been able to do so.  Norwood has, thus, filed this Motion.

## PRINCIPLES OF DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The rule gives the district


courts broad discretion in matters relating to discovery. See Brown-Bey v. United States, 720 F.2d 467, 470-471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion). "[I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. The good-cause standard warranting broader discovery is meant to be flexible." Fed. R. Civ. P. 26(b)(1) Advisory Committee Notes, 2000 Amendment.

    The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffries v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999). Federal Rule of Civil Procedure 26(b)(1) provides that the "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .," but "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. The party opposing discovery has the burden of proving that the requested discovery

should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters. Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir., 2001). A party must be diligent in pursuing the perceived inadequacies in discovery and the trial court does not abuse its discretion if a party untimely seeks to compel inadequate discovery responses. Packman at 647. However, even an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery. Id. Remember, we are talking discovery, not admissibility at trial.

## ANALYSIS

Defendants Haas and the United States (Defendants) object on the grounds of relevance and privilege. The Court finds that the DEA written procedures regarding possession and processing of a arrestee's personal property is relevant. Norwood alleges a Bivens claim that Haas violated his constitutional rights by taking Norwood's personal property after his arrest. The intent requirement in a Bivens action is intentional or reckless conduct. See e.g., Gossmeyer v. McDonald, 128 F.2d 481, 494 (7th Cir. 1997).

Evidence that Haas violated DEA procedures may be relevant to the issue of whether Haas acted recklessly.

The document request, however, asks for the entire DEA manual that may contain these procedures. There is no showing that the entire manual is relevant. The Court therefore sustains the objection to the entire manual, but overrules Haas' relevance objection as to those portions of any DEA manual or directives that concern the possession of, and processing personal property taken from an arrestee at the time of arrest.

Defendants argue that DEA procedures have no relevance because the Illinois State Police took possession of Norwood's personal property, not Haas. Defendants, however, concede that Norwood testified at his deposition that he turned over his personal property to Haas. <u>Defendant Special Agent Glenn Haas' and the United States' Response to Plaintiff's Motion to Compel (d/e 61)</u>, at 2. Norwood's testimony is disputed by Haas and Defendant Timothy Hansen. <u>Id.</u> Norwood's testimony, however, still provides an evidentiary basis to discover the procedures that Haas should have followed if Norwood's testimony is true.

Defendants also assert that the DEA manual is privileged. The Defendants argue that the DEA manual contains sensitive internal information regarding law enforcement procedures and should not be disclosed to Norwood, a convicted drug dealer who is currently

incarcerated in federal prison. Defendants, however, cite no authority for the proposition that the DEA manual fits within a recognized evidentiary privilege, and the Court is not aware of any applicable privilege. The Court agrees, though, that internal law enforcement manuals may contain sensitive information that should not be disclosed to federal prisoners such as Norwood.

The Court therefore overrules the claim of privilege, but subjects the limited ordered disclosure to the following protective order. The Court limits the production of the relevant material and the review of same to Norwood's counsel only and <u>not</u> to Norwood nor to any other person. Counsel for Norwood further may not use or file this material in this proceeding without leave of court. Counsel also must return the material and all copies to counsel for the United States and Haas at the conclusion of this case, and may not use the information contained in the material in any other case or for any other purpose.

WHEREFORE, Plaintiff Larry W. Norwood's Motion to Compel (d/e 54) is ALLOWED only in part. The Court directs Defendants Haas and the United States to produce to Plaintiff's counsel any of those portions of any DEA manual or directives that concern possession of, and processing personal property taken from an arrestee at the time of arrest. Plaintiff's counsel may not disclose the produced documents or the information

contained therein to Plaintiff Norwood or any other person and may not use or file the material in this proceeding for any purpose without leave of court. Counsel must also return the material and all copies to counsel for the United States and Haas at the conclusion of this case, and may not use the information contained in the produced material in any other case or for any other purpose.

ENTER: December 21, 2011

<div style="text-align:center">

   _s/ Byron G. Cudmore_   
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

</div>